# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK, | Case No. 1:14-cv-01234-LJO-SKO (PC) |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND |
| v. | (Doc. 9) |
| JEFFREY BEARD, et al., | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED AGAINST DEFENDANTS BITER, DAVEY, AND ARLITZ ON PLAINTIFF'S TITLE II ADA CLAIM |
| Defendants. | |
| | (Doc. 9) |

**I.    Screening Requirement and Standard**

Plaintiff Reginald Ray York, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. §§ 12132 and 12182(a) (Americans with Disabilities Act, Titles II and III) on August 6, 2014. Plaintiff filed a first amended complaint on August 22, 2014, and a motion to amend in combination with a second amended complaint on November 24, 2014. Fed. R. Civ. P. 15(a). Plaintiff's motion to amend is granted nunc pro tunc to November 24, 2014, and for the reasons set forth herein, the Court recommends that this action proceed against Defendants Biter, Davey, and Arlitz on Plaintiff's Title II ADA claim.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**II.** **Discussion**

    **A.** **Summary of ADA Claim**

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California and he brings this Americans with Disabilities Act ("ADA") action against California Department of Corrections and Rehabilitation ("CDCR") Secretary Jeffrey Beard, KVSP Warden Martin Biter, KVSP Chief Deputy Warden D. Davey, and KVSP Associate Warden T. S. Arlitz in their individual and official capacities. Plaintiff is permanently mobility impaired but does not require use of a wheelchair, and he is housed in a lower tier cell pursuant to prison policy. On July 2, 2012, Defendant Beard issued a memorandum directing Defendant Biter to "deactivate" two-hundred forty beds at KVSP to effectuate compliance with a federal court order requiring reduction in the state's inmate population. *See Brown v. Plata*, __ U.S. __, __, 131 S.Ct. 1910, 1922-23 (2011) (affirming court order requiring California to reduce prison population). In

compliance, Defendant Biter deactivated two-hundred forty upper beds on upper tiers, and those deactivated cells became available to request by all inmates cleared for double-celling. However, mobility impaired inmates and those with medical chronos restricting them to lower tier housing were not allowed to request one of the deactivated cells, based on the cells' upper tier location.

On January 20, 2013, Plaintiff informed staff that he was not compatible with his cellmate, and he requested that the top bunk in his cell be deactivated to accommodate him since there were no cells which would allow him to be housed with an inmate with similar disabilities and he was ineligible for a top tier cell with a deactivated top bunk due to his disability. Plaintiff cited compatibility and safety concerns but his request was denied, and he was placed in administrative segregation after he refused to be housed with another non-disabled inmate.

On January 23, 2013, Plaintiff was informed that there were no cells capable of housing two disabled inmates and prison policy precluded consideration of a disabled inmate's request for single cell status in the absence of an assault. Plaintiff was unable to produce any evidence of an assault and he was ordered to accept a non-disabled cellmate, which he did.

On September 20, 2013, Plaintiff again requested to have the top bed in his cell deactivated but Defendant Arlitz denied his request on October 23, 2013, and Defendant Davey denied his request on December 18, 2013.

Plaintiff alleges that the decision to deactivate the top bunks on only the top tiers violates the ADA because only non-disabled inmates are eligible to request placement in one of the deactivated cells; mobility impaired inmates are excluded from requesting placement by virtue of their disabilities, which prevent them from top tier cell access

**B.     Title III Claim**

Turning first to Title III of the ADA, Title III prohibits discrimination by public accommodations and in relevant part, a plaintiff must show that the defendant is a private entity that owns, leases, or operates a place of public accommodation and that the plaintiff was denied public accommodations by the defendant because of his disability. *Arizona ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 669-70 (9th Cir. 2010) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)) (quotation marks omitted). The State of California and its

agencies are public entities rather than private entities, and state prisons are not places of public accommodation. 42 U.S.C. §§ 12131(1), 12181(6), (7); *Castle v. Eurofresh, Inc.*, 734 F.Supp.2d 938, 945 (D.Ariz. 2010); *Kral v. King Cnty.*, No. C10-1360-MAT, 2012 WL 726901, at *8-9 (W.D.Wash. Mar. 6, 2012); *Johnson v. Fed. Bureau of Prisons*, No. 08-6017–HA, 2011 WL 198184, at *3 (D.Or. Jan. 18, 2011); *cf. Hernandez v. Cnty. of Monterey*, __ F.3d __, __, No. 5:13-cv-02354-PSG, 2014 WL 4843945, at *8-10 (N.D.Cal. 2014) (private provider operating within jail subject to Title III). Accordingly, Plaintiff's Title III claim against KVSP staff fails as a matter of law.

### C. Title II Claim

#### 1. Legal Standard

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

#### 2. Access to Deactivated Cells

Inmates in California are double celled by rule with single cell status being the exception; prison regulations specifically provide that inmates lack entitlement "to single cell assignment, housing location of choice, or to a cellmate of their choice." Cal. Code of Regs., tit. 15, § 3269. Plaintiff is housed in a cell which accommodates his mobility impairment, and the ADA does not provide Plaintiff a legal platform by which he may demand single cell status through top bunk

deactivation. Thus, prison officials' refusal to comply absolutely with his request in that regard does not support a claim under the ADA. Potentially problematic under the ADA, however, is the blanket exclusion of mobility impaired inmates from eligibility to request one of the available deactivated cells, an exclusion that is based their inability to access upper tier housing because of their disability. "The term 'services, programs, or activities' as used in the ADA is . . . broad, 'bringing within its scope anything a public entity does.'" *Fortyune v. City of Lomita*, 766 F.3d 1098, 1101 (9th Cir. 2014) (quoting *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002)). At a minimum, at the pleading stage, the deactivated cells, and the request process for the cells, fall within the broad scope of services, programs, or activities offered by KVSP. In as much as Plaintiff and other mobility impaired inmates at KVSP were precluded from participating in the request process exclusively because of their disabilities, Plaintiff states a colorable claim for relief under Title II of the ADA.[1]

With respect to proper capacity, the ADA provides a cause of action against *public entities* for discrimination and individual capacity suits are precluded under the ADA. *E.g.*, *Walters v. Grant*, No. C 14-4954 SI (pr), 2015 WL 661460, at *4 (N.D.Cal. Feb. 12, 2015); *Heinke v. Cnty. of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D.Cal. Aug. 1, 2013); *White v. Smyers*, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D.Cal. Dec. 13, 2012); *Mosier v. California Dep't of Corr. & Rehab.*, No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at *8 (E.D.Cal. Jul. 3, 2012); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). At the pleading stage, Plaintiff's allegations suffice to permit him to proceed against Defendants Biter, Davey, and Arlitz but only in their official

---

[1] In addition to damages, Plaintiff seeks an injunction requiring Defendant Biter to deactivate the top bunk in his cell, which would result in his enjoyment of single cell status. However, remedying the alleged discrimination does not necessarily – and more likely than not does not - entitle Plaintiff to his own personal deactivated cell. To the contrary, relief must be narrowly tailored to remedy the violation at issue, 18 U.S.C. § 3626(a)(1)(A); *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1072-73 (9th Cir. 2010), and it appears such a remedy would likely be limited to having some deactivated cells available for disabled inmates to request, just as non-disabled inmates are currently able to request an upper tier deactivated cell. Because Plaintiff is not confined to the relief specifically sought in his second amended complaint, Fed. R. Civ. P. 54(c), the Court draws Plaintiff's attention to this potential issue only to make him aware that there are limitations to the scope of prospective relief in prison conditions cases, 18 U.S.C. § 3626(a)(1)(A); *Armstrong*, 622 F.3d at 1072-73.

capacities.[2]  In contrast, Defendant Beard was responsible only for directing Defendant Biter to deactivate two-hundred forty beds to ease prison overcrowding, and he may not be held liable for Biter's allegedly discriminatory decision to deactivate only top tier beds.

### 3. Single Cell Status Appeals

In paragraph thirty-four of his second amended complaint, Plaintiff mentions an August 19, 2011, policy that precludes disabled inmates from filing appeals on single cell status.  To the extent Plaintiff is attempting to pursue an additional ADA claim arising from this policy, the claim fails.

The policy at issue, which is subject to incorporation by reference, merely defines issues that are not to be processed or addressed in an ADA/ARP appeal.[3,4]  *Harris*, 770 F.3d at 874.  (Doc. 1, Comp., court record p. 19.)   As an initial matter, prisoners lack any substantive entitlement to an appeals process, *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), but regardless, an administrative determination by prison officials regarding which issues may or may not be raised in the ADA/ARP appeals process provides no basis for a claim of discrimination in violation of the ADA, *see Lovell*, 303 F.3d at 1052 (articulating elements of viable ADA claim); *accord Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 985 (9th Cir. 2014).

### D. Citation to 42 U.S.C. § 1983

Plaintiff seeks relief for violation of the ADA but he cites 42 U.S.C. § 1983 in passing.  (2nd Amend. Comp., p. 2.)  Section 1983 provides no redress for violation of the ADA.  *Vinson v.*

---

[2] It may later be determined that Defendant Biter is the only appropriate defendant but at this stage, Defendants Davey and Arlitz's consideration of Plaintiff's grievances, which are attached as exhibits to Plaintiff's first amended complaint, and their employment positions suffice to permit Plaintiff to proceed against them.  *See Harris v. Amgen, Inc.*, 770 F.3d 865, 874 (9th Cir. 2014) (documents incorporated by reference and matters subject to judicial notice are subject to examination in determining whether a complaint states a claim). (Doc. 6, 1st Amend. Comp., court record pp. 13-15.)

[3] ARP refers to the Armstrong Remedial Plan, which governs prison ADA appeal rights. Cal. Code Regs., tit. 15, § 3085.

[4] CDCR offers more than one appeals process.  *See* Tit. 15, § 3084.1.

*Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Because Defendants cannot be sued under section 1983 for violation of the ADA, this claim must be dismissed, with prejudice.

### III. Conclusion and Recommendation

Plaintiff's second amended complaint states a claim for violation of Title II of the ADA against Defendants Biter, Davey, and Arlitz in their official capacities. However, Plaintiff's individual capacity claims, claim against Defendant Beard, Title III claim, and section 1983 claim are not viable. Because the deficiencies at issue are not capable of being cured through amendment, the Court does not recommend Plaintiff be given leave to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's motion to file a second amended complaint is HEREBY GRANTED, nunc pro tunc to November 24, 2014, and the Court RECOMMENDS that:

1. This action proceed against Defendants Biter, Davey, and Arlitz in their official capacities for violation of Title II of the ADA;
2. Plaintiff's individual capacity Title II ADA claims be dismissed for failure to state a claim;
3. Defendant Beard be dismissed for failure to state a claim under Title II of the ADA;
4. Plaintiff's Title III claim be dismissed, with prejudice, for failure to state a claim; and
5. Plaintiff's section 1983 claim be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

///
///
///

the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 2, 2015**             **/s/ Sheila K. Oberto**
                                                     UNITED STATES MAGISTRATE JUDGE