# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK, | Case No. 1:14-cv-01234-LJO-SKO (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING INDIVIDUAL CAPACITY ADA CLAIMS, TITLE III CLAIM, SECTION 1983 CLAIM, AND DEFENDANT BEARD |
| v. | |
| JEFFREY BEARD, et al., | |
| Defendants. | (Docs. 9 and 10) |

Plaintiff Reginald Ray York, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. §§ 12132 and 12182(a) (Americans with Disabilities Act ("ADA"), Titles II and III) on August 6, 2014. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 2, 2015, the Magistrate Judge screened Plaintiff's second amended complaint and recommended this action proceed on Plaintiff's cognizable Title II ADA claim. 28 U.S.C. § 1915A. Plaintiff filed timely objections on June 26, 2015.

Plaintiff objects to the recommendations that Defendant Beard be dismissed and that his individual capacity ADA claims be dismissed. ADA claims are brought against public entities and given that the alleged violation occurred at - and appears confined to - the institutional level arising from a housing decision made by the warden, the Kern Valley State Prison warden in his

official capacity is the proper defendant.[1]  *E.g.*, *Shebby v. Adams*, No. 1:03-cv-06487-LJO-NEW (DLB) PC, 2007 WL 2505569, at *2 (E.D.Cal. 2007) (individual liability precluded under the ADA).

Plaintiff also argues that Defendants Davey and Arlitz violated his Eighth Amendment rights by denying him single cell status.  (Obj., ¶¶53, 54.)  Plaintiff's allegations do not support a viable Eighth Amendment failure-to-protect claim and his argument that he has an Eighth Amendment right to a single cell because he is more vulnerable due to his physical disabilities lacks merit.  *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on June 5, 2015, is adopted in full;
2. This action shall proceed against Defendants Biter, Davey, and Arlitz in their official capacities for violation of Title II of the ADA;
3. Plaintiff's individual capacity Title II ADA claims are dismissed for failure to state a claim;
4. Defendant Beard is dismissed for failure to state a claim under Title II of the ADA;
5. Plaintiff's Title III claim is dismissed, with prejudice, for failure to state a claim;
6. Plaintiff's section 1983 claim is dismissed; and
7. This matter is referred back to the Magistrate Judge for service of process.

IT IS SO ORDERED.

Dated:  **July 27, 2015**          /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's assertion that the Magistrate Judge failed to view his allegations with the requisite liberality is not supported by the record.  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).  (Obj., ¶10; *e.g.*, F&R, fn. 2.)