# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-01234-LJO-SKO (PC)<br><br>ORDER REQUIRING PLAINTIFF TO COMPLETE SERVICE ON DEFENDANTS BITER, DAVEY, AND ARLITZ WITHIN ONE-HUNDRED TWENTY DAYS<br><br>(Docs. 9 and 12) |

Plaintiff Reginald Ray York ("Plaintiff"), a state prisoner proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 12132 (Title II of the Americans with Disabilities Act ("ADA")) on August 6, 2014. This action is proceeding on Plaintiff's second amended complaint, filed on November 24, 2014, against Defendants Biter, Davey, and Arlitz in their official capacities for violating Plaintiff's rights under the ADA. Plaintiff's claim arises out of Kern Valley State Prison ("KVSP") officials' blanket exclusion of mobility impaired inmates from eligibility to request one of the prison's available "deactivated" single cells, an exclusion that is based their inability to access upper tier housing because of their disability.[1]

---

[1] On July 2, 2012, California Department of Corrections and Rehabilitation Secretary Jeffrey Beard issued a memorandum directing Defendant Biter to "deactivate" two-hundred forty beds at KVSP to effectuate compliance with a federal court order requiring reduction in the state's inmate population. *See Brown v. Plata*, __ U.S. __, __, 131 S.Ct. 1910, 1922-23 (2011) (affirming court order requiring California to reduce prison population). In compliance, Defendant Biter deactivated two-hundred forty upper beds on upper tiers, and those deactivated single cells became available to request by all inmates cleared for double-celling. However, mobility impaired inmates and those with medical chronos restricting them to lower tier housing were not allowed to request one of the deactivated cells, based on the cells' upper tier location.

Plaintiff is not proceeding in forma pauperis and therefore, he is responsible for serving Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Included with this order are the appropriate service forms and a copy of Rule 4. Unless good cause for an extension of time is shown, Plaintiff must complete service of process and file proof of service with the Court within one-hundred twenty days. Fed. R. Civ. P. 4(m). The following two sections contain instructions on how to serve Defendants.

## II. Instructions on Completing Service

### A. Obtaining a Waiver of Service from Defendants

Plaintiff has the option of notifying Defendants of the commencement of this action and requesting that Defendants waive service of the summons. Fed. R. Civ. P. 4(d)(1). If Plaintiff elects to ask Defendants to waive service, he must mail to each Defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," (3) a copy of the second amended complaint, and (4) a copy of this order. The documents must be addressed directly to each Defendant (not to the Attorney General's Office), and the documents must be sent by first-class mail or other reliable means. *Id.* The "Waiver of Service of Summons" form must set forth the date on which the request is sent and must allow Defendants at least thirty days to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the waiver forms with the Court. After filing the waiver forms, Plaintiff does not need to do anything further to serve Defendants. Fed. R. Civ. P. 4(d)(4).

### B. Personal Service on Defendants in Absence of Waiver

Plaintiff must effect personal service on Defendants if (1) Plaintiff chooses not to request that Defendants waive service, or (2) Plaintiff requests that Defendants waive service but Defendants fail to return the "Waiver of Service of Summons" forms to Plaintiff. In either situation, the summons, a copy of the second amended complaint, and a copy of this order must be personally served on each Defendant (not the Attorney General's Office). Personal service may be effected by any person who is *not* a party to this action and who is at least eighteen years old;

Plaintiff may not effect personal service himself.  Fed. R. Civ. P. 4(c)(2).  Plaintiff should review Rule 4(e), provided with this order, as it more fully addresses how personal service is effected.

### III. Order

In accordance with the above, it is HEREBY ORDERED that:

1. The Clerk of the Court shall issue and send Plaintiff three summonses and shall send Plaintiff one copy of the following documents:

    a) The second amended complaint filed on November 24, 2014;

    b) A "Notice of Lawsuit and Request for Waiver of Service of Summons" form;

    c) A "Waiver of Service" form; and

    d) A copy of Rule 4 of the Federal Rules of Civil Procedure;

4. Plaintiff shall complete service of process on Defendants within **one-hundred twenty (120) days** from the date of service of this order; and

5. Unless good cause is shown, Plaintiff's failure to (1) complete service of process on Defendants and (2) file proofs of service within one-hundred twenty days will result in dismissal of this action.  Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   **July 28, 2015**              /s/ Sheila K. Oberto
                          UNITED STATES MAGISTRATE JUDGE