# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>          Plaintiff,<br><br>     v.<br><br>JEFFREY BEARD, et al.,<br><br>          Defendants. | Case No. 1:14-cv-01234-LJO-SKO (PC)<br><br>ORDER (1) DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND (2) REQUIRING MOTION TO AMEND AND PROPOSED THIRD AMENDED COMPLAINT, IF ANY, BE FILED WITHIN THIRTY DAYS<br><br>(Doc. 17) |

## I.     Background

Plaintiff Reginald Ray York ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 12132 (Title II of the Americans with Disabilities Act ("ADA")) on August 6, 2014.  This action is proceeding on Plaintiff's second amended complaint, filed on November 24, 2014, against Defendants Biter, Davey, and Arlitz in their official capacities for violating Plaintiff's rights under the ADA.  Plaintiff's claim arises out of Kern Valley State Prison ("KVSP") officials' blanket exclusion of mobility impaired inmates from eligibility to request one of the prison's available deactivated cells, an exclusion that is based their inability to access upper tier housing because of their disability.[1]

---

[1] On July 2, 2012, California Department of Corrections and Rehabilitation Secretary Jeffrey Beard issued a memorandum directing Defendant Biter to "deactivate" two-hundred forty beds at KVSP to effectuate compliance with a federal court order requiring reduction in the state's inmate population.  *See Brown v. Plata*, 463 U.S.493, __, 131 S.Ct. 1910, 1922-23 (2011) (affirming court order requiring California to reduce prison population).  In compliance, Defendant Biter deactivated two-hundred forty upper beds on upper tiers, and those deactivated cells

On June 2, 2015, the Magistrate Judge screened Plaintiff's second amended complaint. 28 U.S.C. § 1915A. Plaintiff filed objections on June 26, 2015, and on July 27, 2015, the undersigned adopted the Magistrate Judge's findings and recommendations in full. On August 21, 2015, Plaintiff filed a motion seeking reconsideration of the screening decision and of the order denying him leave to proceed in forma pauperis.

## II.  Discussion

### A.  Legal Standard

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. *United States. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

### B.  Non-Viable Claims

Plaintiff contends that the Magistrate Judge and the undersigned failed to address his claim under 42 U.S.C. § 12182. Plaintiff is mistaken, however, as his Title III claim was addressed in the findings and recommendations and in the order adopting the findings and recommendations. (Doc. 10, 3:22-4:8; Doc. 12, 2:20.) Moreover, in addition to the fact that the claim failed as a

---

became available to request by all inmates cleared for double-celling. However, mobility impaired inmates and those with medical chronos restricting them to lower tier housing were not allowed to request one of the deactivated cells, based on the cells' upper tier location.

matter of law, Plaintiff specifically represented his non-opposition to the recommendation that his Title III claim be dismissed. (Doc. 11, p. 22.)

With respect to Defendant Beard, the basis for dismissal of Defendant Beard was articulated in the findings and recommendations and in the order adopting the findings and recommendations. The alleged ADA violation occurred as a result of an institutional-level decision and prison officials at Kern Valley State Prison are the proper defendants. Plaintiff's continued disagreement with the Court's decision is not grounds for reconsideration.

Finally, Plaintiff alleges that his Eighth Amendment claim should not have been dismissed. Plaintiff made passing reference to 42 U.S.C. § 1983 in his second amended complaint. The Magistrate Judge addressed that passing reference in the findings and recommendations, and the undersigned specifically addressed Plaintiff's objection that Defendants Davey and Arlitz violated his Eighth Amendment rights. Again, Plaintiff's disagreement with the Court's decision is not grounds for reconsideration. Plaintiff's second amended complaint sets forth no facts which support a cognizable claim for relief for violation of the Eighth Amendment.

Plaintiff is not precluded from filing a motion seeking leave to amend, accompanied by a proposed third amended complaint, Fed. R. Civ. P. 15(a)(2), but he is precluded from entitlement to proceed on what is, as a matter of law, a non-viable constitutional claim, 28 U.S.C. § 1915A; *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) (setting forth legal standard for Eighth Amendment conditions-of-confinement claims).[2] Federal courts must be mindful to liberally construe pro se litigants' allegations, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), but courts are not required to "supply essential elements of the claim that were not initially pled," *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), or "indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).

As further discussed in subsection II(D), Plaintiff asserts that he has no interest in raising an Eighth Amendment claim. Given Plaintiff's pro se status and his contention that his Eighth Amendment claim was wrongly dismissed, however, the Court is constrained to offer Plaintiff one

---

[2] Plaintiff already exercised his right to amend once as a matter of course. Fed. R. Civ. P. 15(a)(1).

opportunity to amend. *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (citing *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)). Therefore, Plaintiff may have thirty days to file a motion to amend, accompanied by a proposed third amended complaint. Fed. R. Civ. P. 15(a)(2). If he elects not to do so, his second amended complaint will be served.[3] If he elects to do so, his proposed third amended complaint will be screened in conjunction with review of his motion to amend. 28 U.S.C. § 1915A. Any new claims will be reviewed for cognizability and to ensure proper joinder. Fed. R. Civ. P. 18, 20. At this juncture, it does not appear that a new claim for violation of the Eighth Amendment against Defendants Davey and Arlitz will be properly related to Plaintiff's ADA claim, and if the Court determines the claims are not subject to pursuit in the same action, leave to amend will be denied as futile. The Court notes Plaintiff represented in a motion filed on September 28, 2015, that Defendant Davey is no longer the Chief Deputy Warden and Defendant Arlitz has retired. Therefore, their alleged successors, C. Pfeiffer and S. Rimbach, will be substituted in their places for service, *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999), and any new claims against Davey and Arlitz for violating Plaintiff's rights under the Eighth Amendment will be reviewed for proper joinder, Fed. R. Civ. P. 18, 20.

### C. In Forma Pauperis Status

Plaintiff also contends that because he is not subject to 28 U.S.C. § 1915(g), the Court cannot deny him leave to proceed in forma pauperis, and that he should not be forced to bear the cost of suing state officials for violating his rights because it violates his First Amendment rights and imposes an undue burden. Plaintiff's invocation of section 1915(g) is wholly inapposite. Plaintiff's average monthly trust account balance was $4094.54, 20% of which was $818.91. 28 U.S.C. § 1915(b)(1). Plaintiff was well able to pay the $400.00 filing fee and his assertion that he is legally entitled to in forma pauperis status despite his ability to pay is entirely meritless, as is his assertion that the Court lacks authority to deny him leave to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234-36 (9th Cir. 2015).

///

---

[3] Plaintiff's motion for service by the United States Marshal was granted on October 2, 2015. (Doc. 19.)

**D.     "Discharge/Disqualification" of Complaint**

Finally, Plaintiff states

> The Plaintiff Reginald Ray York has no interest with raising a Eighth Amendment claim, where he can make the same claim and relief under Title II of the Americans with Disabilities Act for denial of a service, program and activity… However, the Plaintiff Reginald Ray York do not wish to have his name or case associated with bad ruling decisions, or misapplied of civil law, because the Court does not see the denial of a disabled prisoner's rights of great important or worthy of the Court's time.
>
> Foregoing reason(s), the Plaintiff Reginald Ray York, respectfully move this Court and Judge for a reconsideration of its order adopting the findings and recommendations of the Magistrate Judge, and discharge/disqualification of the Plaintiff Reginald Ray York's Complaint, before the United States District Court, for the Eastern District of California, as a presiding judge.

(Doc. 17, Motion, p. 7.)

To the extent Plaintiff is seeking reassignment of this action to another Magistrate Judge and/or District Judge, his motion is denied, with prejudice.  Plaintiff's mere disagreement with judicial rulings provides no basis for reassignment and/or recusal.  28 U.S.C. § 455; *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Litkey v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).  To the extent Plaintiff is seeking to voluntarily dismiss this action, he need only file a clearly captioned notice of voluntary dismissal and the case will be closed.  Fed. R. Civ. P. 41(a)(1)(i); *Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).

**III.    Order**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1.  Plaintiff's motion for reconsideration is DENIED, with prejudice;

2.  Plaintiff's motion for reassignment of this action is DENIED, with prejudice;

3.  Plaintiff has **thirty (30) days** from the date of service of this order within which to file a motion seeking leave to amend and a proposed third amended complaint; and

///

///

///

///

5

4. If Plaintiff elects not to file a motion to amend within thirty days, the United States Marshal will be directed to initiate service of his second amended complaint.

IT IS SO ORDERED.

Dated:  **October 5, 2015**               **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE