**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01234 LJO DLB PC<br><br>ORDER DENYING DEFENDANTS' MOTION TO REQUIRE SECURITY UNDER LOCAL RULE 151(b)<br><br>[ECF No. 27] |

Plaintiff Reginald Ray York ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 12132 (Title II of the Americans with Disabilities Act ("ADA")) on August 6, 2014. Plaintiff was denied in forma pauperis status and has paid the filing fee. This action is proceeding on Plaintiff's second amended complaint, filed on November 24, 2014, against Defendants Biter, Davey, and Arlitz in their official capacities for violating Plaintiff's rights under the ADA. Plaintiff's claim arises out of Kern Valley State Prison ("KVSP") officials' blanket exclusion of mobility impaired inmates from eligibility to request one of the prison's available deactivated cells, an exclusion that is based their inability to access upper tier housing because of their disability.[1]

---

[1] On July 2, 2012, California Department of Corrections and Rehabilitation Secretary Jeffrey Beard issued a memorandum directing Defendant Biter to "deactivate" two-hundred forty beds at KVSP to effectuate compliance with a federal court order requiring reduction in the state's inmate population. *See Brown v. Plata*, 463 U.S.493, __, 131 S.Ct. 1910, 1922-23 (2011) (affirming court order requiring California to reduce prison population). In compliance, Defendant Biter deactivated two-hundred forty upper beds on upper tiers, and those deactivated cells became available to request by all inmates cleared for double-celling. However, mobility impaired inmates and those with medical chronos restricting

1

On January 21, 2016, Defendants filed a motion for an order requiring Plaintiff to post security before this matter proceeds. Local Rule 151(b); Cal. Civ. Proc. § 391.1. Plaintiff did not file an opposition. The matter is deemed submitted upon the record. Local Rule 230(l).

## I. Discussion

### A. Legal Standard

Local Rule 151(b) of the Eastern District of California provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

California Code of Civil Procedure § 391.1 in turn provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Under California law, a vexatious litigant, in relevant part, is one who in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been finally determined adversely to the person. Cal. Civ. Proc. Code § 391(b)(1) (quotation marks omitted). Here, Defendants identify six cases which they argue satisfy the statutory requirement for a finding of vexatiousness. The California standard is low in that any final determination which was adverse to Plaintiff qualifies.

Reviewing the cases identified by Defendants, it is very clear that Plaintiff has had at least five actions which were "finally determined adversely" to him. *York v. Harris*, Case No. 2:12-cv-02557-UA-JPR is a Central District Court case that was dismissed wherein Plaintiff was denied in forma pauperis status due to the frivolousness of his claims. *York v. Harris*, Case No. 12-56265 is a

---

them to lower tier housing were not allowed to request one of the deactivated cells, based on the cells' upper tier location.

Ninth Circuit case dismissed after the Court denied in forma pauperis status based on the frivolousness of the appeal. *York v. S.C.L.A.*, Case No. B221790 is a Second District California Supreme Court case that was closed on March 12, 2010, after the court denied a petition for writ of mandate. *York v. Harris*, Case No. 12-8544 is a U.S. Supreme Court case closed after Plaintiff's petition for writ of certiorari was denied. *York v. California*, Case No. 10-9132 is another U.S. Supreme Court case that was closed after Plaintiff's petition for writ of certiorari was denied. Finally, *York v. Evans*, Case No. 08-7107 is a third U.S. Supreme Court case closed after Plaintiff's petition for writ of certiorari was denied. Thus, under California law, Plaintiff is considered a vexatious litigant. *See* Cal. Civ. Proc. Code § 391(b)(1).

However, the inquiry does not end with the identification of five qualifying cases and the determination that Plaintiff is a vexatious litigant within the meaning of section 391.

**B.     Reasonable Probability of Prevailing**

The Court must also find that Plaintiff does not have a reasonable probability of prevailing in this case. Cal. Civ. Proc. § 391.3. In making this determination, the Court is required to weigh the evidence and it does not assume the truth of Plaintiff's allegations. *Moran v. Murtaugh Miller Meyer & Nelson, LLP*, 40 Cal.4th 780, 784-86, 152 P.3d 416, 417-20 (Cal. 2007); *Golin v. Allenby*, 190 Cal.App.4th 616, 635, 118 Cal.Rptr.3d 762, 780 (Cal. Ct. App. 2010).

As noted above, this action is proceeding against Defendants Biter, Davey, and Arlitz in their official capacities for violating Plaintiff's rights under the ADA.

1.  Summary of ADA Claim

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. He is permanently mobility impaired but does not require use of a wheelchair, and he is housed in a lower tier cell pursuant to prison policy. On July 2, 2012, Defendant Beard issued a memorandum directing Defendant Biter to "deactivate" two-hundred forty beds at KVSP to effectuate compliance with a federal court order requiring reduction in the state's inmate population. *See Brown v. Plata*, 563 U.S. 493, ___, 131 S.Ct. 1910, 1922-23 (2011) (affirming court order requiring California to reduce prison population). In compliance, Defendant Biter deactivated two-hundred forty upper beds on upper tiers, and those deactivated cells became available to request by

3

all inmates cleared for double-celling.  However, mobility impaired inmates and those with medical chronos restricting them to lower tier housing were not allowed to request one of the deactivated cells, based on the cells' upper tier location.

On January 20, 2013, Plaintiff informed staff that he was not compatible with his cellmate, and he requested that the top bunk in his cell be deactivated to accommodate him since there were no cells which would allow him to be housed with an inmate with similar disabilities and he was ineligible for a top tier cell with a deactivated top bunk due to his disability.  Plaintiff cited compatibility and safety concerns but his request was denied, and he was placed in administrative segregation after he refused to be housed with another non-disabled inmate.

On January 23, 2013, Plaintiff was informed that there were no cells capable of housing two disabled inmates and prison policy precluded consideration of a disabled inmate's request for single cell status in the absence of an assault. Plaintiff was unable to produce any evidence of an assault and he was ordered to accept a non-disabled cellmate, which he did.

On September 20, 2013, Plaintiff again requested to have the top bed in his cell deactivated but Defendant Arlitz denied his request on October 23, 2013, and Defendant Davey denied his request on December 18, 2013.

Plaintiff alleges that the decision to deactivate the top bunks on only the top tiers violates the ADA because only non-disabled inmates are eligible to request placement in one of the deactivated cells; mobility impaired inmates are excluded from requesting placement by virtue of their disabilities, which prevent them from top tier cell access.

2.      Legal Standard of ADA Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that

(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Inmates in California are double celled by rule with single cell status being the exception; prison regulations specifically provide that inmates lack entitlement "to single cell assignment, housing location of choice, or to a cellmate of their choice." Cal. Code of Regs., tit. 15, § 3269. Plaintiff is housed in a cell which accommodates his mobility impairment, and the ADA does not provide Plaintiff a legal platform by which he may demand single cell status through top bunk deactivation. The Court accepts that Plaintiff qualifies for double-cell status and is not entitled to single-cell status merely because he demands it. Thus, prison officials' refusal to comply absolutely with his request in that regard does not support a claim under the ADA. However, the blanket exclusion of mobility impaired inmates from eligibility to request one of the available deactivated cells, an exclusion that is based their inability to access upper tier housing because of their disability, may violate the ADA. "The term 'services, programs, or activities' as used in the ADA is . . . broad, 'bringing within its scope anything a public entity does.'" *Fortyune v. City of Lomita*, 766 F.3d 1098, 1101 (9th Cir. 2014) (quoting Barden v. City of Sacramento, 292 F.3d 1073, 1076 (9th Cir. 2002)). The deactivated cells, and the request process for the cells, arguably fall within the broad scope of services, programs, or activities offered by KVSP. While those inmates without disabilities who would normally qualify for double cell status were able to request single cell status, Plaintiff, and other mobility impaired inmates at KVSP, were precluded from participating in the request process specifically because of their disabilities. At this juncture in the proceedings, the Court cannot conclude that Plaintiff has no reasonable probability of succeeding with his ADA claim.

///

///

///

///

**II.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for an order requiring Plaintiff to furnish security is DENIED.

IT IS SO ORDERED.

Dated:   **March 11, 2016**                             /s/ *Dennis L. Beck*
                                                                        UNITED STATES MAGISTRATE JUDGE