# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY BEARD, et al.,<br><br>  Defendants. | Case No. 1:14-cv-01234 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR RECONSIDERATION AND RECOMMENDING DISMISSAL FOR LACK OF STANDING<br>[ECF No. 31]<br><br>[THIRTY-DAY DEADLINE] |

Plaintiff Reginald Ray York ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 12132 (Title II of the Americans with Disabilities Act ("ADA")) on August 6, 2014. Plaintiff was denied in forma pauperis status and has paid the filing fee. This action is proceeding on Plaintiff's second amended complaint, filed on November 24, 2014, against Defendants Biter, Davey, and Arlitz in their official capacities for violating Plaintiff's rights under the ADA. Plaintiff's claim arises out of Kern Valley State Prison ("KVSP") officials' alleged blanket exclusion of mobility impaired inmates from eligibility to request one of the prison's available deactivated cells, an exclusion allegedly based their inability to access upper tier housing because of their disability.

On January 21, 2016, Defendants filed a motion for an order requiring Plaintiff to post security before this matter proceeds. Local Rule 151(b); Cal. Civ. Proc. § 391.1. On March 11, 2016, the Court denied Defendants' motion. On March 25, 2016, Defendants filed a motion for

reconsideration.  Plaintiff filed an opposition on April 15, 2016, and Defendants filed a reply to the opposition on April 22, 2016.

## I. Discussion

### A. Standing

Defendants claim Plaintiff lacks federal standing in this case.  Defendants allege Plaintiff has not suffered an injury, and that Plaintiff no longer has a legal remedy in this case.

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) . "[T]o satisfy Article III's case or controversy requirement, [Plaintiff] needs to show that []he has suffered an injury in fact, that the injury is traceable to the challenged action of [Defendants], and that the injury can be redressed by a favorable decision." Bird v. Lewis & Clark College, 303 F.3d 1015, 1019 (9th Cir.2002), *cert. denied*, 538 U.S. 923, 123 S.Ct. 1583, 155 L.Ed.2d 314 (2003).  In addition, in order to establish standing to pursue injunctive relief, Plaintiff must establish a "real and immediate threat of repeated injury." O'Shea v. Littleton, 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).  Insofar as standing is "an essential and unchanging part of the case-or-controversy requirement of Article III," the issue may be raised and considered at any time.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Here, Defendants claim that Plaintiff's alleged injury cannot be redressed by a favorable decision because there is no relief available, be it injunctive or monetary.  Plaintiff seeks injunctive relief such that he could request single-cell housing on the first tier just as non-disabled inmates were able to do on the second tier.  Defendants submit that "deactivated cells" no longer exist at KVSP.  Therefore, there are no cells on the top tier that were deactivated into single cells pursuant to Defendant Biter's order in 2012.  The prison population has grown since the 2012 order to beyond maximum capacity; therefore, any deactivated cells have been converted back to double cells. (Defs.' Mot. Recons., Ex. B, Hancock Decl. ¶ 3.)  Based on these facts, the Court agrees that no legal remedy now exists that would redress Plaintiff's injury.  Plaintiff, as a disabled inmate on the first tier, is in the same position as a non-disabled inmate on the first or second tier in seeking single-

cell status. Further, as Defendants correctly state, there is no likelihood of future injury where the benefit complained of is no longer available to any inmate, disabled or not.

In addition, Defendants point out that Plaintiff acknowledged that he was denied single-cell status not because of his location on the first tier but because his history made him ineligible for single-cell status. (ECF No. 9, ¶¶ 27, 29, 32.) Therefore, even if the Court were to issue an order directing KVSP to allow deactivation of beds on the first tier as was done with the second tier in 2012, Plaintiff would still be precluded from single-cell status because he did not meet the Title 15 requirements for single-cell housing. Cal. Code of Regs., tit. 15, § 3269. Therefore, injunctive relief would not redress Plaintiff's injury.

In addition, Plaintiff claims he is entitled to monetary damages, but under the ADA only injunctive relief is available. As previously stated by the Court, Plaintiff is proceeding on his Second Amended Complaint against Defendants in their official capacities. (ECF No. 21 at 1.) Since Plaintiff is suing Defendants in their official capacities, he is not entitled to monetary damages. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities.").

Based on the foregoing, the Court finds that Plaintiff lacks standing to proceed in this case.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion for reconsideration be GRANTED and this action be DISMISSED with prejudice for lack of standing.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised

///

///

3

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).
3
4  IT IS SO ORDERED.
5
    Dated: **May 4, 2016**            **/s/ Sandra M. Snyder**
6                                                        UNITED STATES MAGISTRATE JUDGE