# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01234 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 38] |

Plaintiff Reginald Ray York ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 12132 (Title II of the Americans with Disabilities Act ("ADA")) on August 6, 2014.

On January 21, 2016, Defendants filed a motion for an order requiring Plaintiff to post security before the matter proceeded. Local Rule 151(b); Cal. Civ. Proc. § 391.1. On March 11, 2016, Magistrate Judge Dennis L. Beck denied Defendants' motion. On March 25, 2016, Defendants filed a motion for reconsideration. Plaintiff filed an opposition on April 15, 2016, and Defendants filed a reply to the opposition on April 22, 2016.

On May 4, 2016, Magistrate Judge Sandra M. Snyder issued Findings and Recommendation that recommended Defendants' motion for reconsideration be granted and the action be dismissed with prejudice for lack of standing. On June 8, 2016, the undersigned conducted a de novo review of the case and adopted the Findings and Recommendation in full. The case was dismissed and

judgment was entered.

On June 30, 2016, Plaintiff filed the instant motion for reconsideration. Defendants did not file an opposition.

## DISCUSSION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff complains that Magistrate Judge Dennis L. Beck issued the initial order denying Defendants' motion for Plaintiff to post security. Thereafter, Defendants filed a motion for

reconsideration and Magistrate Judge Sandra M. Snyder issued a Findings and Recommendation which recommended the motion be granted. Plaintiff argues that Magistrate Judge Beck was assigned to the case and Plaintiff was never informed that the case had been reassigned to Magistrate Judge Snyder. In fact, the case was not reassigned to Magistrate Judge Snyder. Magistrate Judge Beck was on an extended leave of absence and Magistrate Judge Snyder temporarily assisted the Court with Magistrate Judge Beck's cases. Regardless, the issue of which magistrate judge issued the Findings and Recommendation is inconsequential since the undersigned conducted a *de novo* review of the entire case pursuant to 28 U.S.C. § 636(b)(1) and then granted the Defendants' motion for reconsideration thereby dismissing the case.

Plaintiff also argues that the Court erred by dismissing the entire case along with his claims for damages when it determined that his claim for injunctive relief had become moot. As correctly stated in the Findings and Recommendation, only injunctive relief is available to Plaintiff. Plaintiff is proceeding on his Second Amended Complaint against Defendants in their official capacities. (ECF No. 21 at 1.) Since Plaintiff is suing Defendants in their official capacities, he is not entitled to monetary damages. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."). Therefore, the Court did not commit clear error in dismissing the case.

Next, Plaintiff complains that the Court did not consider his objections prior to issuing the order dismissing the case. The Findings and Recommendation was issued May 4, 2016, and objections were due on June 3, 2016. The undersigned issued the order dismissing the case on June 8, 2016. Plaintiff's objections were not received by the Court until June 10, 2016. The proof of service is dated May 30, 2016, so under the mailbox rule, the objections were timely. The Court has reviewed the objections and finds no reason to modify the order adopting the Findings and Recommendation.

Finally, Plaintiff seeks an order directing Kern Valley State Prison to undo its decision to deactivate 240 cells which he states runs afoul of the Administrative Procedures Act. Plaintiff further complains that KVSP reactivated 240 cells in violation of the Supreme Court's ruling in

3

Brown v. Plata, 563 U.S. 493 (2011); that KVSP failed to gain approval from the Office of Administrative Law; and that KVSP did not obtain a modification order from the three-judge court established to oversee the Plata ruling.  These claims are not subject of the instant complaint, and the Court is without jurisdiction to consider them.

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

   Dated:   **August 1, 2016**              **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES CHIEF DISTRICT JUDGE