# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>               Plaintiff,<br><br>   v.<br><br>JEFFREY BEARD, et al.,<br><br>               Defendants. | 1:14-cv-01234-LJO-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND COSTS**<br>**(ECF Nos. 40, 41, 43.)** |

## I. BACKGROUND

Reginald Ray York ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 12132 (Title II of the Americans with Disabilities Act ("ADA")). On June 8, 2016, this case was dismissed, with prejudice, for Plaintiff's lack of standing. (ECF No. 35.)

On August 16, 2016, November 3, 2016, and December 9, 2016, Plaintiff filed motions for attorney's fees, expenses, and costs to be paid by Defendants, pursuant to Federal Rule of Civil Procedure 54(d) and the ADA. (ECF Nos. 40, 41, 43.)

## II. AWARD OF FEES AND COSTS

### A. Legal Standards

Federal Rule of Civil Procedure 54(d)(1) and Eastern District of California's Local Rule 292(f) ("Local Rule 292") govern the taxation of costs, and other attorney's fees that are awarded to the prevailing party in a civil matter. See Jones v. Cnty of Sacramento, No. CIV S-

09-1025 DAD, 2011 WL 3584330, at *1 (E.D. Cal. Aug. 12, 2011). This rule creates a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the Court exercises its discretion to disallow costs for specific reasons, which may include punishing misconduct by the prevailing party or nonpunitive but compelling equitable justifications. Ass'n of Mexican–Am. Educators v. Cal., 231 F.3d 572, 591–93 (9th Cir. 2000). Local Rule 292 mirrors the language of Federal Rule of Civil Procedure 54 and states that a variety of fees incurred during litigation of the case, such as Clerk's fees and Docket fees, are taxable as costs.

Under 42 U.S.C. § 12205, the court "may allow the prevailing party [in ADA cases], other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

**B.     Discussion**

Plaintiff seeks an award of attorney's fees and non-taxable expenses and costs to be paid by Defendants. Plaintiff requests $400.00 for the cost of filing fees, $200.00 for the cost of legal supplies, copywork, and postage, and $8,000.00 in attorney's fees.

The issue here is whether Plaintiff is the prevailing party in this case. To be entitled to the award Plaintiff seeks under Rule 504(d), Local Rule 292, or 42 U.S.C. § 12205, Plaintiff must be the "prevailing party" in the case. The general principle for an award of costs and attorneys' fees to a prevailing party is well-settled. A "prevailing party" or "successful party" is a party that has been afforded some relief by the court. Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001); Klamath Siskiyou Wildlands Center v. U.S. Bureau of Land Management, 589 F.3d 1027, 1030 (9th Cir. 2009). The term "prevailing party" does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Buckhannon, 532 U.S. at 600.

Plaintiff's claim in this case arose out of Kern Valley State Prison ("KVSP") officials' alleged blanket exclusion of mobility-impaired inmates from eligibility to request one of the

prison's available deactivated cells, an exclusion allegedly based on their inability to access upper tier housing because of their disability. Plaintiff sought injunctive relief such that he could request single-cell housing on the first tier just as non-disabled inmates were able to do on the second tier. However, Defendants submitted that the cells on the top tier that were deactivated into single cells in 2012 no longer exist at KVSP. The prison population grew since 2012 to beyond maximum capacity; therefore, any deactivated cells were converted back to double cells. (ECF No. 31-2, Defs.' Mot. Recons., Ex. B, Hancock Decl. ¶ 3.) Based on these facts the Court found that no legal remedy existed that would redress Plaintiff's injury, and the case was dismissed for Plaintiff's lack of standing.

Thus, Plaintiff was not awarded any relief by the Court. His claim for injunctive relief was denied by the Court as moot, because the program under which Plaintiff claims he suffered discrimination was eliminated by Defendants. Even if Plaintiff received the desired result in this case because of Defendants' conduct, he is not the "prevailing party" in this case. Therefore, Plaintiff is not entitled to an award of attorney's fees and costs, and his motion must be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for an award of attorney's fees and costs, filed on August 16, 2016, November 3, 2016, and December 9, 2016 are DENIED.

IT IS SO ORDERED.

Dated: __December 15, 2016__     _____/s/ Lawrence J. O'Neill_____
                                                      UNITED STATES CHIEF DISTRICT JUDGE